Nicholson, C. J.
delivered the opinion. of the Court.
This bill was filed by complainant, in pursuance of the act of March 27th, 1872, ch. . 3, against the sev *453 eral defendants, to subject the small tracts of land •specified, to sale, to satisfy the lien of the State for amounts of taxes assessed thereon, and for which said lands were sold in July, 1871, and bought in by the •collector of revenue, in pursuance of law.
The bill was demurred to by defendants, and the demurrer overruled. The defendants have appealed.
The ground of demurrer relied on here is, that the bill shows that the' complainant has no claim against the defendants, on account of any taxes, because it is shown in the bill, that by a judgment of the Circuit Court, the complainant recovered of • defendants the amount of those identical taxes and costs, and that the lands were sold and bid in by the collector for the full amount of the taxes and costs— whereby the judgments were fully satisfied, and that the bill does not show that this satisfaction has been set aside.
The bill was filed to enforce the lien of the State for unpaid taxes, by a sale of the land on which the taxes remain unpaid. These same lands were before offered for sale to satisfy the taxes, but no purchaser being found, the same were bid in by the collector for the benefit of the State. It is assumed in the demurrer, that the taxes were satisfied by thus bidding in the lands. If this were so, then the lands became the property of the State, and the legal effect of the present proceeding is, that the State proposes to sell the lands, for the purpose of collecting the amounts of the taxes so bid upon them, giving the owners of the land the privilege of paying up the accrued taxes, *454 with six per cent, interest, and retaining the lands. In this view, the State clearly has a right to sell her own lands in this way. But we think it obvious, that the State did not bid in the lands as purchaser, and in satisfaction of the taxes due; but this mode was adopted for enforcing . the collection of the revenue, and of preserving the the lien of the State for the taxes. There is no allegation in the bill from which it can be inferred, that the judgments for taxes was satisfied by the bidding in of the lands. On the contrary, the bill is expressly filed for the enforcement of the lien on the lands, which is alleged to exist.
We are therefore of opinion that the demurrer was properly overruled, and the decree overruling it is affirmed, and the cause remanded for further proceedings.

Tbe same question arose in the case of E. O. Sugg, Fax Commissioner, v. Sorrell, et als., and tlie following opinion was delivered by Sneed, J., at Jackson, May 2, 1874.
The bill is filed under the act of 1872, ch. 3, by the Commissioner of taxes of the County of Dyer, to sell divers tracts of land in said county for taxes. The land liad been heretofore sold for unpaid taxes. The land being yet unredeemed, and the taxes yet unpaid, the Commissioner for the State has filed this bill, making the original owners of the land defendants. The bill was dismissed by the Chancellor on the motion of defendants. The decree is erroneous. The case is governed by the principles of the case of Webb v. Miller, recently decided at Knoxville, and Cason v. Newsom, recently decided here, in which the jurisdiction of the Chancery Court in similar cases was sustained. Beverse the decree and remand the case.